IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK BELCZYK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BABCOCK & WILCOX ENTERPRISES, INC., et al., <br><br> Defendants. | No. 2:17-cv-00241-NBF <br><br> Class Action <br><br> **Demand for Jury Trial** |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

Plaintiffs Frank Belczyk, Sophie Belczyk, Michael Jurich, Dolores Scaia, and Jack E. Tallon ("Class Representatives") and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC, and its Local 3059 (collectively, "USW"), have entered into a Settlement Agreement with Defendants to resolve the claims in this class action lawsuit. The Settlement Agreement appears in the record at Doc. #45-1.

On January 5, 2018, this Court granted Plaintiffs' unopposed motion for class certification and preliminary approval of the settlement and directed that notice of the settlement be sent to Settlement Class members. Doc. #47. Plaintiffs thereafter submitted an unopposed motion for an award of attorneys' fees, costs and expenses in the amount of $135,000, which Defendants agreed to pay as part of the settlement. Doc. #48.

On March 23, 2018, Plaintiffs filed an unopposed motion for final approval of the Settlement Agreement, and addressed the objection from one member of the Settlement Class. On April 6, 2018, the Court held a hearing to determine whether the terms of the Settlement

Agreement were fair, reasonable, adequate, and in the best interest of the Settlement Class members.

Now before the Court is Plaintiffs' motion for final approval of the Settlement Agreement. The Court, having reviewed and considered the Settlement Agreement and Plaintiffs' motion for an award of attorneys' fees, costs, and expenses, as well as the entire record in this case, now **ORDERS** as follows:

1. On January 5, 2018, the Court granted Plaintiffs' motion for class certification and preliminary approval, certifying the following "Settlement Class" under Fed. R. Civ. P. 23 for settlement purposes only:

> Former employees of The Babcock & Wilcox Company or any of its subsidiaries or affiliates (along with their surviving spouses and eligible dependents) at the facilities in Beaver Falls, Pennsylvania and Alliance, Ohio who: (1) retired on or before December 31, 1987; (2) were represented by the USW at the time of retirement; and (3) pursuant to a collective bargaining agreement, were eligible for health care benefits under the Plan as of December 31, 2016.

The Court now finally approves certification of the Settlement Class and the Settlement Agreement as set forth below.

2. Under Fed. R. Civ. P. 23(e)(2), a court may approve a settlement in a class action only if it finds that the settlement is "fair, reasonable and adequate."

3. The Court applies a presumption of fairness to the Settlement Agreement, because (i) it was the product of arm's-length negotiations by experienced counsel on both sides, (ii) there was sufficient discovery for the parties to each take stock of the case, appreciate the value of the claims, and negotiate a settlement in light of the costs and risks of continuing with the litigation, (iii) Plaintiffs are represented by experienced counsel who have competently evaluated the strength of their proofs and are well-situated to evaluate the strengths of Plaintiffs' claims and Defendants' defenses, and (iv) only one Settlement Class member has objected.

4.  The Settlement Agreement is approved under the Third Circuit's factors guiding the approval of class action settlements, as set forth in Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975).

5.  The Court has considered the following "Girsh factors":

   (1) the complexity, expense and likely duration of the litigation;

   (2) the reaction of the class to the settlement;

   (3) stage of the proceedings and the amount of discovery completed;

   (4) risks of establishing liability;

   (5) risks of establishing damages;

   (6) risk of maintaining the class action through the trial;

   (7) ability of the defendants to withstand a greater judgment;

   (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and

   (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

6.  The Court concludes that on balance, these factors favor approval of the proposed settlement and finds that the Settlement Agreement is fair, reasonable, and adequate, and in the best interest of Settlement Class members under Fed. R. Civ. P. 23. At the time the Settlement Agreement was reached, Plaintiffs had sufficient information to appreciate the value of their claims and to weigh the benefits of early resolution against the risks of continuing with the litigation. Further, the Settlement Agreement provides for immediate improvements to the medical benefits that Defendants are currently providing to Settlement Class members, an elderly group of individuals, and guarantees lifetime contributions to Health Reimbursement Accounts on their behalf, without additional time-consuming litigation or requiring Plaintiffs and class

members to prove their damages. The lack of opposition to the Settlement further weighs in favor of approval.

7. The Court finds that the Notice to the Class, as previously approved by this Court's January 5, 2018 Order, complies with the requirements of Fed. R. Civ. P. 23 and due process, and fairly presents the terms of the Settlement Agreement and the Class Members' rights and responsibilities in the settlement approval process. The mailing of the Class Notice to Settlement Class members provided due and sufficient notice of (i) the nature of the litigation; (ii) the settlement's general terms; (iii) where complete information could be located; and (iv) the time and place of the fairness hearing and the process for objecting to the settlement.

8. The parties have complied with the requirements of the Class Action Fairness Act.

9. The Court finds that Plaintiffs' requested $135,000 fee, costs, and expense award is justified under ERISA, which provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Settlement Agreement clearly represents "some degree of success on the merits" within the meaning of Hardt v. Reliance Standard Life Insurance Co., 560 U.S. 242, 245 (2010) and Templin v. Independence Blue Cross, 785 F.3d 861, 866 (3d Cir. 2015).

10. The Court has considered the five factors identified in Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir.1983), and finds that they support an award of fees and costs to Plaintiffs since the lawsuit was brought to benefit a class, and the Settlement will result in lifetime retiree medical benefits to more than 900 Class members.

11. Plaintiffs have requested a fee award of $130,378.45. Given the facts of this case, the Court concludes that either under a "lodestar" analysis under ERISA, a "percentage-of-the-

recovery" analysis under the common benefit doctrine, or a blended approach whereby one analysis is used to "cross-check" the other, see In re Prudential Insurance Co. America Sales Practice Litigation Agent Actions, 148 F.3d 283, 333 (3d Cir. 1998), the requested fee should be approved.

12. The Court also finds that Plaintiffs' request for costs and expenses totaling $4,621.35 should be approved.

13. The requested award of $135,000 is hereby approved and Defendants are directed to make payment of these fees, costs, and expenses as set forth in the Settlement Agreement.

14. This action is dismissed with prejudice as to the Defendants and BWX Technologies, Inc. (f/k/a The Babcock & Wilcox Company) and McDermott International, Inc. Per the terms of the Settlement Agreement, the Released Claims are hereby extinguished, discharged, and released against any and all of the Released Parties, and without cost except as provided by the Settlement Agreement.

15. The parties are directed to consummate the settlement according to the terms and conditions of the Settlement Agreement, which is incorporated into this Order.

16. Without affecting the finality of this Order in any way, the Court retains continuing jurisdiction over enforcement of this Order and the enforcement of the Settlement Agreement.

BY THE COURT:

DATED April 6, 2018

_____
Hon. Nora Barry Fischer
United States District Judge